UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-83-RJC

| | |
|---|---|
| TOMMIE LEE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Z. COOPER, Charlotte Mecklenburg ) | |
| Police Department, ANDREW ) | ORDER |
| MURRAY, District Attorney, ) | |
| A. PARKER, Magistrate Judge, JOHN ) | |
| DOE, District Court Judge, FNU FREER,) | |
| Attorney, MARTHA H, CURRAN, Clerk ) | |
| of Mecklenburg County Courthouse, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-1). First, with regard to Plaintiff's Motion to Proceed in forma pauperis, on March 30, 2012, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6). Plaintiff's application to proceed in forma pauperis is granted.

**I.      BACKGROUND**

Pro se Plaintiff Tommie Lee Williams, currently incarcerated in the Mecklenburg County Jail, filed this action on February 9, 2012, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff names as Defendants the following individuals: Z. Cooper of the Charlotte-Mecklenburg Police Department; District Attorney Andrew Murray; Magistrate A. Parker; District Court Judge John Doe; Attorney FNU Freer; and Mecklenburg County Clerk of Court

Martha H. Curran.

Plaintiff alleges that Defendants violated numerous of his federal constitutional rights, beginning with his arrest on November 29, 2011, by Defendant Cooper, identified in the Complaint as a police officer with the Charlotte-Mecklenburg Police Department. (Doc. No. 1 at 3-4). Plaintiff alleges that: he was arrested on a "bond warrant," in which Defendant Cooper was "the sole complainant to allegations respecting property and said property allegedly belonging to an entity other than Defendant Cooper." (Id. at 4); the arrest violated his Fourth Amendment rights because he was arrested on a warrant that was "not the result[] of probable cause findings supported by oath or affirmation of a Grand Jury." See (Id.); on the day he was arrested, Defendant Magistrate Parker ordered Plaintiff to be incarcerated in the Mecklenburg County Jail. (Id.); and, that Defendant Parker knew that Plaintiff had been arrested on a defective warrant in violation of the Fourth Amendment. See (Id.).

Defendant further alleges that: he made his first appearance on December 1, 2011, during which Defendant District Court Judge John Doe "fraudulently" assigned counsel to Plaintiff. (Id. at 5-6); and Defendant Doe knew that the appointment of counsel violated Plaintiff's due process rights and was not done in accordance with state statutes and rules. (Id. at 6).

Plaintiff next alleges that on around December 14, 2011, Plaintiff repeatedly told his appointed defense counsel Defendant Freer that he (Plaintiff) was not a party to any criminal action, and that Plaintiff had not consented to jurisdiction in the criminal court. (Id. at 7); Defendant Freer knew at all relevant times that Plaintiff had not consented to appointment of counsel. (Id.); and that Mecklenburg County Clerk of Court Defendant Curran did not ensure that an affidavit of indigency was completed and filed in the record as required by North

Carolina state law and the rules of the North Carolina Indigent Defense Services. (Id. at 8-9).

Plaintiff alleges that: Defendants conspired to deprive him of his rights as secured by the United States Constitution and to defraud the local and state treasuries of the State of North Carolina. (Doc. No. 1 at 10);Defendants knew that Plaintiff had not "prior to, during, or after the commencement of the criminal charges waived indictments, or waived the jurisdictional limits in civil cases, or had in any form or fashion, or other manner entered into any contract with the state, county, city, or town . . . [f]or the accomplishment of public purposes as would be required by Article V, Section 2 subsection (7) to the North Carolina State Constitution." (Id. at 12); at all times Defendants knew that Plaintiff had not consented to the jurisdiction of the State of North Carolina through criminal charges. (Id. at 14); and finally he "has become unconstitutionally subjected to the imprisonment, slavery, and involuntary servitude in that he is not a party to any criminal action by which security bonds were fraudulently obtained through borrowing of money by Defendants in criminal proceeding . . . ." (Id.).

In his prayer for relief, Plaintiff asks for, among other things, monetary damages against all of the named Defendants; that Defendants be disbarred from practice or removed from public office; and that Defendants should be criminally investigated for defrauding state and local treasuries. (Id. at 17).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the

3

court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

The Court will dismiss this action first on immunity grounds. Some of the named Defendants enjoy absolute immunity from suit or are private individuals not acting under color of state law for the purpose of an action brought pursuant to 42 U.S.C. § 1983. As to the remaining claims and Defendants, Plaintiff fails to state a cognizable claim in this § 1983 action.

A. Defendants Magistrate Judge A. Parker and District Court Judge "John Doe"

Defendants Magistrate Judge A. Parker and District Court Judge "John Doe" are immune from suit under the doctrine of judicial immunity. See Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). Thus, the Court will dismiss Plaintiff's claims against Defendants

4

Magistrate Judge A. Parker and District Court Judge "John Doe."

### B. District Attorney Murray

Defendant Murray is the District Attorney for Mecklenburg County and a state official. Plaintiff's claims that Murray violated his federal constitutional rights are barred by the Eleventh Amendment to the United States Constitution and by the district attorney's absolute immunity. See Nivens v. Gilchrist, 444 F.3d 237, 248 (4th Cir. 2006) (claims against district attorney in his official capacity are barred by the Eleventh Amendment and in his individual capacity by the doctrine of prosecutorial immunity). Because Murray is a state official, an action for monetary damages against him in his official capacity would have an adverse impact on the State and is therefore barred by the Eleventh Amendment. See Nivens, 444 F.3d at 250; see also Kentucky v. Graham, 473 U.S. 159, 166 (1985) (noting that the government entity is "the real party in interest" in an official capacity suit).

As for any claim by Plaintiff for monetary damages against Murray in his individual capacity, "prosecutors enjoy absolute immunity from civil suits for damages for actions taken while performing traditional prosecutorial duties." Puckett v. Carter, 454 F. Supp. 2d 448, 452 (M.D.N.C. 2006) (citing Imbler v. Pachtman, 424 U.S. 409 (1976)). In Imbler, the Supreme Court held that in "initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. at 430. The Court explained that prosecutors should be afforded absolute immunity when their "activities were intimately associated with the judicial phase of the criminal process." Id. Here, Plaintiff has not alleged that Murray was acting outside the scope of his prosecutorial duties in this case. In sum, the Court will dismiss Plaintiff's claims against Defendant Murray.

### C. Defendant Mecklenburg County Clerk of Court Curran

Next, the doctrine of quasi-judicial immunity bars recovery against Clerk of Court Curran. Court clerks are accorded derivative absolute immunity when they act in obedience to judicial order or under the court's direction. See, e.g., Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995); McCray v. Maryland, 456 F.2d 1, 5 (4th Cir. 1972). Here, there are no allegations that Clerk of Court Curran did anything other than act in obedience to a judicial order or under the court's direction when she processed an affidavit of indigency on behalf of the state district court. The doctrine of quasi-judicial immunity therefore shields Defendant Curran from suit, and Plaintiff's claims against her are dismissed on this ground. See Hedgepeth v. Wilkes C., No. 3:12-cv-262-RJC, 2012 WL 2092853, at *14-16 (W.D.N.C. June 11, 2012) (dismissing plaintiff's section 1983 claims against county clerk in her official and individual capacities based on quasi-judicial immunity). In sum, the Court will dismiss Plaintiff's claims against Defendant Curran.

      D.      <u>Defendant Defense Counsel Freer</u>

Next, Defendant Freer is entitled to dismissal because no action will lie under § 1983 against a defense attorney, whether privately retained, court-appointed, or a public defender. Defense counsel does not act under color of state law when performing the traditional functions of counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) (explaining that it is well understood that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); see also Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (dismissal of § 1983 complaint affirmed where claims against court-appointed attorney lacked necessary "state action" requirement); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of § 1983 action against retained counsel). In sum, the Court will dismiss Plaintiff's claims against Defendant Freer.

E.  Defendant Cooper

Finally, as to Defendant Cooper, Plaintiff claims that Defendant Cooper violated his Fourth Amendment rights by issuing a "bond warrant" which named Cooper "as the sole complainant to allegations respecting property and said property allegedly belonging to an entity other than Defendant Cooper," and that the warrant was "not the result[] of probable cause findings supported by oath or affirmation of a Grand Jury." (Doc. No. 1 at 4).

Plaintiff fails to state a claim against Defendant Cooper. First, police officers need not secure an indictment before requesting an arrest warrant from a judicial officer. Second, law enforcement officers are encouraged "to seek warrants because magistrates from their detached perspective serve as the essential 'checkpoint between the Government and the citizen.' When a police officer protects a suspect's rights by obtaining a warrant from a neutral magistrate, the officer should, in turn, receive some protection from suit under 42 U.S.C. § 1983." Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir. 1991) (quoting Steagald v. United States, 451 U.S. 204, 212 (1981)). It is only where an officer, "deliberately or 'with reckless disregard for the truth' makes material false statements or omits materials facts" from a warrant affidavit that the officer becomes liable for a Fourth Amendment violation. Miller v. Prince George's Cnty., Md., 475 F.3d 621, 631 (4th Cir. 2007) (quoting Franks v. Delaware, 438 U.S. 154, 155 (1978)). Here, Plaintiff does not allege that Cooper's representations were false or that Cooper made any other false statement or omitted any material fact from the warrant for Plaintiff's arrest. Thus, Plaintiff fails to state a claim against Defendant Cooper.

**IV. CONCLUSION**

Plaintiff's Complaint fails to state a claim upon which relief may be granted, names as Defendants individuals who are not subject to suit under § 1983, and seeks monetary damages

against individuals who enjoy immunity from suit. Plaintiff's Complaint will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-1), is **GRANTED**.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim upon which relief can be granted, § 1915A(b)(1), and because his Complaint seeks monetary relief against defendants who are immune from such relief, § 1915A(b)(2).

Signed: September 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge